MAX R. McLEMORE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McLemore v. Commissioner
Docket No. 17730-82.
United States Tax Court
T.C. Memo 1984-41; 1984 Tax Ct. Memo LEXIS 633; 47 T.C.M. (CCH) 961; T.C.M. (RIA) 84041; January 24, 1984. Max R. McLemore, pro se. John B. Franklin, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions *634 to petitioner's Federal income tax as follows: Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654(a)
Year
Deficiency
Addition to Tax
Addition to Tax
Addition to Tax
1976
$7,048
$1,022
$352
$125
1977
6,773
1,037
339
124
1978
4,673
1,121
234
142
1979
9,902
2,329
495
382
The issues are (1) whether wages received by petitioner constitute gross income under section 61(a), (2) whether petitioner is liable for additions to tax under section 6651(a), (3) whether petitioner is liable for additions to tax under section 6653(a), and (4) whether petitioner is liable for additions to tax under section 6654(a). FINDINGS OF FACT Petitioner, Max R. McLemore, resided in Fallbrook, Calif., when the petition was filed herein. During the years in issue, petitioner worked for three companies from whom he received the following wages: 1976
1977
1978
1979
Bechtel Power Corp.
$24,366
$13,714
$9,034
$35,378
San Diego Gas &
13,644
8,433
Electric Co.
Univ. Mechanical &
Engr. Constrs.
4,437
Total Wages
$24,366
$27,358
$21,904
$35,378
*635 Petitioner did not file a return for any of the years in issue. In his notice of deficiency, respondent determined that petitioner had taxable income of $22,216, $26,608, $21,154, and $34,378 for 1976, 1977, 1978, and 1979, respectively. Respondent also asserted additions to tax under sections 6651(a), 6653(a), and 6654(a). OPINION The first issue is whether wages received by petitioner constitute gross income under section 61(a). Petitioner bears the burden of proving that respondent's determinations with respect to his wages are erroneous. Rule 142(a); . At trial, petitioner failed to provide any evidence to disprove respondent's determinations. Petitioner simply presented this Court with frivolous contentions that merit no discussion. See , on appeal (2d Cir., Sept. 13, 1983); . Thus, we sustain respondent's deficiency determinations. The second issue is whether petitioner is liable for additions to tax under section 6651(a) for failure to file timely income tax returns. Petitioner bears *636 the burden of proving that his failure to file was due to reasonable cause and not due to willful neglect. Rule 142(a); . Since petitioner failed to present any evidence with respect to this issue, we sustain the additions to tax under section 6651(a). The third issue is whether petitioner is liable for additions to tax under section 6653(a) for negligence. Once again petitioner did not present any evidence and, thus, did not satisfy his burden of proof. Rule 142(a); . Thus, we sustain the additions to tax under section 6653(a). The final issue is whether petitioner is liable for additions to tax under section 6654(a) for failure to pay estimated tax. When there has been a failure to pay or an underpayment of estimated tax, this particular addition is mandatory and no inquiry is made as to possible reasonable cause or lack of willful neglect. . Since petitioner failed to show that he paid any estimated tax or that any tax was withheld from his wages for the years in issue, we sustain the additions *637 to tax under section 6654(a). [2]
To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In his brief, respondent asked this Court to consider awarding damages under sec. 6673 because petitioner instituted these proceedings merely for delay. Although we have decided not to impose such damages herein, we note that in cases commenced after December 31, 1982, the Court may impose damages up to $5,000 for proceedings instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in such proceedings is frivolous or groundless. See sec. 292(b), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 574.↩